UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINEWEIGHT LLC, | ) |
| and | ) |
| CRYE PRECISION LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:18-cv-00387-JAR |
| FIRSTSPEAR, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Firstspear, LLC's Motion to Stay the case pending the outcome of its petitions for Inter Partes Review ("IPR") by the Patent Trial and Appeal Board ("PTAB"). (Doc. 69.) Plaintiffs oppose the motion, arguing that a stay is not appropriate and would unduly prejudice them. (Doc. 72.) Defendant filed a reply. (Doc. 76.)

**Background**

Plaintiffs filed suit on March 8, 2018, alleging that Defendant was actively engaged in selling numerous products that infringed on Plaintiff's patent for a "MOLLE COMPATIBLE LIGHTWEIGHT GARMENT," number 9,173,436 (the " '436 Patent"). (Doc. 1.) On February 1, 2019, after several months of discovery, the parties submitted a Joint Claim Construction Chart identifying a single claim—Claim 11—and six disputed claim phrases at issue in this case. (Doc. 37.) Thereafter, the parties briefed their respective positions as to each claim phrase

1

(Docs. 49-54, 57-60), and, on April 16, 2019, the Court held a *Markman* hearing at which the parties presented significant oral argument (Doc. 63).

Two months later, on June 14, 2019, Defendant filed this motion, asking the Court to stay its ruling on claim construction. (Doc. 69.) The week before, on June 6, 2019, Defendant filed two petitions for IRP asking the PTAB to review numerous claims of the '436 Patent, including Claim 11. (Docs. 69-1, 69-2.) Defendant asserts that the PTAB's rulings would narrow the scope of this litigation and conserve resources without substantially prejudicing Plaintiffs. (Doc. 69.) Plaintiffs argue that the parties have already expended significant resources in preparing for the *Markman* hearing and that the PTAB has not even agreed to hear the reviews. (Doc. 72.)

**Legal Standards**

Courts have inherent discretion to control their own docket, including by staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When determining whether to grant a stay pending IPR, courts generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party." *Masa LLC v. Apple Inc.*, No. 4:15-CV-00889-AGF, 2016 WL 2622395, at *2 (E.D. Mo. May 9, 2016) (citing *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *2 (W.D. Mo. June 4, 2014)). The burden is on the party seeking the stay to show that the action is warranted. *See Brady v. Nat'l Football League*, 640 F.3d 785, 794 (8th Cir. 2011) (Bye, J., dissenting) (citing *Lankford v. Sherman,* 451 F.3d 496, 503 (8th Cir. 2006)).

## Analysis

### 1. *The State of the Case*

Defendant argues that "the only discover that has been taken in this case relate[s] to claim construction." (Doc. 69 at 4.) While the parties have spent the time and resources necessary to brief and argue claim construction, Defendant notes that "no discovery related to invalidity, damages, non-infringement, or any other issue has been done." (*Id.*) Still left is expert testimony regarding invalidity and damages, document review, depositions, and dispositive motions. (*Id.*) "All of these costs can be avoided by granting a stay pending the outcome of the IPR petitions," Defendant argues. (*Id.*)

Plaintiffs respond that the discovery necessary to present argument on the claim construction issue was substantial and that the balance of the case amounts to "a relatively simple patent case involving only one asserted claim from one asserted patent." (Doc. 72 at 4.) Further, Plaintiffs argue that the parties' already-expended resources are a direct result of Defendant's unexplained delay in seeking IPR. (*Id.* at 5.) Plaintiffs note that the majority of the substantive arguments raised in Defendant's IPR petitions were present in its initial invalidity contentions, meaning Defendant knew about these issues long before the parties expended so much time and effort to prepare for the *Markman* hearing. (*Id.* at 5.)

In reply, Defendant asserts that it waited to file with the PTAB because it hoped the parties' ongoing settlement discussions might bear fruit. (Doc. 76 at 1.) Defendant reiterates that the parties' discovery thus far has been limited to the single issue of claim construction and that allowing the PTAB to rule on its petitions could well eliminate the need for the remaining bulk of discovery. (*Id.* at 4-5.) It adds that no trial date has been set. (*Id.* at 4.)

The Court believes that the discovery completed by the parties in advance of the *Markman* hearing, while substantial, is less than the amount left to do. In addition to the greater

number of remaining issues to address, expert reports and depositions must still be prepared, scheduled, taken, and rebutted. A favorable ruling from the PTAB could eliminate entirely the need for that discovery and even a partial ruling could dramatically narrow the scope of that discovery. In both cases, significant resources are saved.

The Court is cognizant of Plaintiffs' argument that the PTAB may decline to review the petitions and that the Court should not stay the case unless and until the PTAB institutes review. (*See* Doc. 7-8.) If the Court stays the case but the PTAB declines to review Defendants' petitions, no resources will be saved but neither will any have been wasted. If the Court does not stay the case and the PTAB institutes review, any discovery conducted between now and then may well have been for naught. Accordingly the Court finds that, on balance, this factor favors staying the case.

### 2. Simplification of the Issues

There are three possible outcomes for the IPR. If the PTAB decides not to review the petitions, the issues in this case remain the same. If the PTAB institutes review and invalidates all of claims, the patent is unenforceable and the issues in this case are resolved. If the PTAB invalidates some, but not all, of the claims, only those claims that survived IPR are before this Court. In two out of three possible outcomes, the issues are simplified.

Plaintiffs are correct that "if the Court grants the stay and the PTAB does not institute review, delay will be the *only* effect." (Doc. 72 at 7.) However, the Court disagrees that such an outcome is intolerable, especially compared to the potential for significant simplification in the event the PTAB institutes review. On balance, this factor favors staying the case.

### 3. Prejudice

Finally, the Court must consider whether and to what extent Plaintiffs would be prejudiced by the entry of a stay. Plaintiffs argue that Defendant is a direct competitor and that

4

in such cases, "delays in litigation are 'especially burdensome' and weigh more heavily in favor of denying a stay." (Doc. 72 at 10 (citing *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-CV-00799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014)).) Defendant responds that "the worst case scenario for Plaintiffs . . . in the event of a stay would be a delay of a few months." (Doc. 76 at 10.) "Otherwise," Defendant asserts, "the IPR proceedings will proceed rapidly to their conclusion with a year, and . . . will undoubtedly simplify the issues in this case." (*Id.*)

The Court finds that any delay could be said to prejudice Plaintiffs in the marketplace insofar as they "may lose valuable customers and goodwill during the stay of litigation." *Invensys Sys.*, 2014 WL 4477393, at *2. However, it concludes that any delay would be brief and therefore a stay would not be unduly prejudicial, especially when weighed against the potential for significant efficiencies in costs and resources should the IPR take place. Further, while not dispositive, the Court does believe Plaintiffs' decision not to seek injunctive relief indicates that the risk of significant prejudice in the marketplace is relatively low.

**Conclusion**

In conclusion, the Court finds that, although the parties' claim constructions have been under submission and the Court is prepared to rule on them, doing so would not finally resolve any issues in this case and therefore it is prudent and appropriate to enter a stay to pending the PTAB's decision on Defendant's petitions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Firstspear, LLC's Motion to Stay (Doc. 69), is **GRANTED** and this case is **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall update the Court **within five (5) days** of any significant developments regarding Defendant's petition for IPR review.

Dated this 26th day of August, 2019.

                                                        */s/ John A. Ross*
                                                        JOHN A. ROSS
                                                        UNITED STATES DISTRICT JUDGE