UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINEWEIGHT LLC, | ) |
| and | ) |
| CRYE PRECISION LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:18-cv-00387-JAR |
| FIRSTSPEAR, LLC, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Status Report Regarding *Inter Partes* Review Proceedings and Request to Lift Stay. (Doc. 78.) On August 26, 2019, the Court granted Defendant Firstspear, LLC's request to stay the case "pending the outcome of its petitions for Inter Partes Review ('IPR') by the Patent Trial and Appeal Board ('PTAB')." (Doc. 77 at 1.) The Court directed the parties to file a status report within five days of any "significant developments regarding Defendant's petition for IPR review." (*Id*. at 6.)

On December 16, 2019, the parties filed this joint status report, representing that the PTAB had "denied institution of the IPRs with respect to all grounds set forth in the petitions and, further, did not 'discern a need to expressly construe any claim phrase or term for purposes of [its] Decision[s].'" (Doc. 78 at 1-2.) The report adds that Defendant intends to request a rehearing. (*Id*. at 2.) Defendant therefore asks the Court to continue its stay until the PTAB rules on its request for rehearing, typically within thirty days after the request is made. (*Id*.)

1

Plaintiffs assert that rehearing is almost never granted and that continuing the stay would only prolong an already lengthy pause in this case. (*Id*. at 2-3.)

Courts have inherent discretion to control their own docket, including by staying proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When determining whether to grant a stay pending IPR, courts generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage for the non-moving party." *Masa LLC v. Apple Inc.*, No. 4:15-CV-00889-AGF, 2016 WL 2622395, at *2 (E.D. Mo. May 9, 2016) (citing *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *2 (W.D. Mo. June 4, 2014)).

While the Court is cognizant of the age of the case and appreciates Plaintiffs' eagerness to proceed as expeditiously as possible, it concludes that extending the stay is appropriate for many of the same reasons expressed in its order staying the case. Of note, Defendant represents that a resolution can be expected relatively soon and the Court reiterates that, if the PTAB decides to address the merits of Defendant's claims, it could significantly reduce the time and effort required to resolve this case by narrowing the issues. Plaintiffs' assertion that such an outcome is unlikely is well-taken, but the Court concludes that the potential significant benefit offsets the relatively short additional delay and that such a delay would not unduly prejudice Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request to Lift Stay (*see* Doc. 78), is **DENIED** and this case remains **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall update the Court **within five (5) days** of any significant developments regarding Defendant's petition for IPR review.

Dated this 6th day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE