UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINEWEIGHT LLC & <br> CRYE PRECISION LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FIRSTSPEAR, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:18-CV-00387-JAR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion to Vacate the Court's Claim Construction Order. (Doc. 106). For the reasons discussed below, the motion will be granted.

**I.  BACKGROUND**

In this patent infringement action, Plaintiffs Lineweight LLC ("Lineweight") and Crye Precision LLC ("Crye Precision") sued Defendant Firstspear, LLC ("Firstspear") for infringement of U.S. Patent No. 9,173,436 (the "'436 Patent"). The invention summary describes a garment (the "Garment") which "offers a lightweight attachment structure which minimizes the material used by reducing the garment to a skeleton of horizontal bands connected by a few vertical bands." (Doc. 1-1 at 6). The object of the Garment is "to provide a load supporting garment which is compatible with the [Modular Lightweight Load-carrying Equipment] system which is very lightweight" and "can be produced to accommodate attachments at any desired location." (*Id.*).

As assignee of the '436 Patent, Lineweight granted Crye Precision an exclusive license, including the rights to sublicense and sue for infringement. (Doc. 1 at ¶¶ 2-3). Firstspear manufactures and sells the Assaulter Armor Carrier (AAC) System; the JOKER – Jungle

1

Operations Airborne Capable Chest Rig; and the Modular Chest Rig 6/12. Plaintiffs claim each of these products infringes the '436 Patent. (*Id.* at ¶ 4). On May 31, 2020, following extensive claim construction proceedings, this Court issued a Memorandum and Order construing the contested claim terms. (Doc. 90). Subsequent to this ruling, the parties engaged in mediation, achieved a comprehensive settlement, and agreed to a stipulated dismissal of this action with prejudice provided this Court vacates its claim construction ruling. (Doc. 106 at ¶ 2).

## II.     LEGAL STANDARD

A final judgment "is a decision issued by the trial court which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330-31 (Fed. Cir. 2007) (internal quotation omitted). Because it did not dispose of any claim or party, this Court's claim construction order is interlocutory in nature. *See Vutek, Inc. v. Leggett & Platt, Inc.*, No. 4:07-CV-1886 CDP, 2009 WL 3806368, at *1 (E.D. Mo. Nov. 12, 2009) ("Because the [claim construction] order is interlocutory, and because the parties to this litigation are jointly asking me to vacate it, I will do so."); *see also RE2CON, LLC v. Telfer Oil Co.*, No. 2:10-cv-00786-KJM-KJN, 2013 WL 1325183, at *3 (E.D. Cal. Mar. 29, 2013) (describing interlocutory nature of claim construction order). "Federal courts agree that a district court's decision to vacate an order is a matter of equitable discretion." *Collins Backhoe & Water Serv. v. Anadarko Petroleum Corp.*, Civ. No. H-15-196, 2016 WL 4479530, at *2 (S.D. Tex. Aug. 25, 2016).

Courts assessing whether to vacate a claim construction order have frequently considered the factors outlined by the court in *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008). These factors are based in part on the Supreme Court's decision in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27-29 (1994), in which the Supreme

Court described vacatur by an appellate court as an "extraordinary remedy." *But see Dana v. E.S. Originals, Inc.*, 343 F.3d 1320, 1328 (Fed. Cir. 2003) (Dyk, J., concurring) ("*Bancorp* did not, however, address the power of the district courts to vacate non-final orders pursuant to a settlement agreement."). The four factors are: (1) the public interest in orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources. *Cisco Sys.*, 580 F. Supp. 2d at 830. This Court deems it appropriate to apply these factors in deciding whether to vacate its claim construction order. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2012 WL 1768084, at *2 (D. Ariz. May 17, 2012) (Assessing motion to vacate claim construction order as "an exercise of its equitable discretion by considering the concerns articulated by *Bancorp*, despite the fact that *Bancorp* does not establishing a binding standard in these circumstances.").

### III.   ANALYSIS

*(1) Public Interest in Orderly Operation of the Federal Judicial System; (3) Expending the Court's Resources*

This Court agrees with the parties that settlement of this case encourages orderly operation of the federal judicial system and conserves substantial resources. *See Joe v. First Bank Sys., Inc.*, 202 F.3d 1067, 1070 (8th Cir. 2000) ("Public policy favors the enforcement of voluntary settlement agreements."); *United States v. Bliss*, 133 F.R.D. 559, 567 (E.D. Mo. 1990) ("The courts have long recognized that public policy favors settlements as a cost-efficient and convenient means of resolving disputes and conserving judicial resources."). While this Court devoted substantial time and energy to issuing its claim construction order, full resolution of this dispute would require additional discovery, motion practice, and trial.

As to orderly operation of the federal courts, the *Cisco Systems* court aptly noted that "whatever instructive or persuasive guidance" a vacated claim construction order may provide remains relevant, as "the analysis and logic of the opinion may be used for whatever authority this court or another court may deem appropriate." *Cisco Sys.*, 590 F. Supp. 2d. at 831; *see also TriQuint Semiconductor*, 2012 WL 1768084, at *3 (Noting the court's vacated orders "will have the same value to the public regardless of whether they are vacated."). This Court recognizes the legitimate public policy concerns raised by permitting parties to litigate claim construction, settle, and obtain vacatur of unfavorable rulings. *See generally Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*, No. 18-cv-00356-EMC, 2018 WL 6251051, at *2 (N.D. Cal. Nov. 29, 2018). In this context, given the various complex, unresolved issues still pending in this litigation, this Court concludes that the first and third *Cisco Systems* factors favor vacatur and settlement. *See Cisco Sys.*, 590 F. Supp. 2d at 831 ("The strong public interest in the settlement of this litigation and the conservation of judicial resources outweigh the benefit of the limited collateral estoppel effect of the orders entered to date in this case.").

*(2) Parties' Desire to Avoid Potential Preclusive Effect*

The parties to this suit have expressed that they "wish to avoid any preclusive effect of the claim construction ruling as part of their comprehensive settlement." (Doc. 106 at ¶ 7). This Court's claim construction order would be subject to modification if the litigation continued, and there has been no final determination on the merits in this case. The Court also notes the high rate of reversal in complex patent cases such as these. *Cisco Sys.*, 590 F. Supp. 2d at 830 ("[R]eversal rate of forty percent [by the Federal Circuit] . . . cautions parties and the public against excessive reliance on any district court's construction."). Given the nature of this Court's order, it is

4

understandable that the parties would seek vacatur in conjunction with the comprehensive settlement.

### (4) Parties' Interest in Conserving Resources

Having achieved a settlement, the parties have a legitimate interest in conserving their resources. Additional litigation in this case would require the parties to further engage expert witnesses and incur substantial legal fees. The Court's and the parties' resources "are certainly better saved for cases that, unlike this one, will not be resolved through settlement at an interlocutory stage." *Contour Hardening, Inc. v. Vanair Mfg., Inc.*, No. 1:14-cv-26-JMS-MJD, 2016 WL 10490508, at *2 (S.D. Ind. Feb. 23, 2016).

## IV. CONCLUSION

Considering the *Cisco Systems* factors and in light of the parties' comprehensive settlement, this Court finds that vacatur of its claim construction order is warranted. The claim construction order was interlocutory in nature and substantial resources will be conserved through vacatur and settlement. *See Vutek, Inc. v. Leggett & Platt, Inc.*, No. 4:07-CV-1886 CDP, 2009 WL 3806368, at *1 (E.D. Mo. Nov. 12, 2009) ("Because the [claim construction] order is interlocutory, and because the parties to this litigation are jointly asking me to vacate it, I will do so."). This decision permits the parties to execute their settlement and dismiss this case, while this Court's vacated claim construction order will retain any persuasive value it may have offered.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Vacate the Court's Claim Construction Order (Doc. 106) is **GRANTED** and this Court's Memorandum and Order on the parties' competing motions for claim construction (Doc. 90) is hereby **VACATED**.

5

**IT IS FURTHER ORDERED** that, having been advised that the parties achieved a settlement, all case deadlines are **VACATED**.

**IT IS FINALLY ORDERED** that counsel shall file, no later than **sixty (60) days** from this Memorandum and Order, a stipulation for dismissal, motion for leave to voluntarily dismiss, or proposed consent judgment. Failure to timely comply with this Order shall result in the dismissal of this action with prejudice.

Dated this 11th day of June, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE